### DURANT *v.* PIERSON *et al.*

*(Supreme Court, Special Term, Albany County.* August 26, 1890.)

**1.** REFERENCE—REFEREE'S REPORT—JUDGMENT—FINALITY.

    Under Code Civil Proc. N. Y., providing that where the whole issue is one of fact, and is tried by a referee, his report stands as a decision of the court, a referee's report, in an action to set aside an assignment as fraudulent, that the assignment is fraudulent, and that a receiver be appointed, is final, until reversed, which it cannot be by the judge at special term, who has no alternative but to appoint the receiver in accordance with the report.

**2.** APPEAL—STAY OF PROCEEDINGS—PRACTICE.

    Where, in an action by a judgment creditor to set aside an assignment as fraudulent, the referee reports in plaintiff's favor, and judgment is entered thereon, the special term will not, on motion, order a stay of proceedings, as this can be affected without such order, under Code Civil Proc. N. Y. § 1352, providing that, on appeal from final judgment, defendant may stay proceedings by giving security as prescribed in section 1327, upon appeal to the court of appeals.

**3.** CONFLICT OF LAWS—STAY OF PROCEEDINGS.

    An order will not be granted staying plaintiff from pursuing in the courts of another state land situated therein, belonging to defendant, as such an order would be a violation of the comity between the courts of different states.

    Distinguishing *Bowers* v. *Durant*, 43 Hun, 348.

Action by Edward A. Durant, Jr., against Henry R. Pierson, as survivor of Henry R. Pierson & Son, and Robert C. Pruyn, as assignee of Henry R. Pierson. Report by referee in plaintiff's favor, and judgment thereon. Motions by both parties.

*Stedman, Thompson & Andrews,* for plaintiff. *M. T. Hun,* for defendants.

LEARNED, P. J.   The plaintiff, in January, 1890, recovered a judgment against Henry R. Pierson, Jr., survivor of the firm of Henry R. Pierson & Son, for a debt due from said firm to him.   After issue and return of execution, the plaintiff commenced this action against said survivor, and Robert C. Pruyn, to set aside, as fraudulent, an assignment made by said survivor to said Pruyn.   The action, being at issue, was duly referred for trial.   The referee has made his report, holding that the assignment was fraudulent and void as to creditors of said firm; that a receiver should be appointed of all the assets of said firm; that said assignee should deliver to said receiver all the assets in his hands; that the receiver pay to plaintiff therefrom $5,076.98, and interest, and costs of the action.   Several motions are now made by the parties.

1. The defendants move to correct the judgment entered on referee's report, in that it appears to award costs against defendants personally.   This motion was granted on the argument.

2. The plaintiff moves for an extra allowance.   Under the practice prevailing in this district, I think the case is difficult and extraordinary.   The defendant cites, however, cases to show that, though that be so, yet, in a case like this, an extra allowance should not be granted.   *Hurd* v. *Trust Co.*, 16 Wkly. Dig. 480.   That was an action by a receiver, in which he was defeated.   *Smith* v. *Green*, 8 Civil Proc. R. 163.   That was an action between partners of an insolvent firm.   *Graham* v. *Trust Co.*, 46 Hun, 261.   The court said the case was not difficult and extraordinary.   I do not think these cases apply to the present.   The plaintiff is endeavoring to collect his debt against an alleged fraudulent assignment. It may be that there is not enough to pay all creditors, but the diligent creditor is favored.   The referee has thought the plaintiff entitled to costs.   An allowance of $200 is reasonable, and is granted.

3. The plaintiff asks for the appointment of a receiver.   It is settled by the report and the judgment thereon, until reversed, that a receiver must be appointed.   I have, at special term, no right to reverse that judgment.   The referee's report stands as a decision of the court.   Code Civil Proc. § 1228.   I must take the report and the judgment thereon as the law of this case.   It appears to be the practice that the referee who tries an issue is not authorized to select a receiver, although he adjudges that a receiver must be appointed.   That makes it necessary for the plaintiff to come to the special term in order to have the receiver selected.   Such selection is the only duty for me.   I am not to decide whether the appointment of a receiver in this case is or is not proper.   That has been settled.   If I were to refuse to select a receiver, I should be refusing to carry out the judgment of the court.   A receiver, Mr. McElroy, as was stated on the argument, has already been appointed in proceedings supplementary.   No objection appears to him.   There should not be two receivers.   Mr. McElroy is therefore appointed.   His bond should be $10,000.   Liberty, however, is given to parties to move to increase or diminish the amount of security.

4. The defendants ask for a stay of proceedings to be granted by the court. I think that matter is provided for by Code Civil Proc. § 1352.   This provides that, on appeal from final judgment, a defendant may stay proceedings by giving security as upon appeal to the court of appeals.   Sections 1327 and following state what is necessary in order to stay proceedings.   I am inclined to think that this case comes within section 1327; since all which plaintiff really desires is the payment of his debt, and costs, and a payment of that sum to him would probably satisfy the judgment.   Should the defendants give security on appeal, under that section, and should the plaintiff, after such security shall have been given, attempt to enforce the execution of any part of the judgment, the defendants may make a motion, (and leave is hereby reserved to them so to do,) under section 1351, for an order staying proceedings.   At present, I do not grant a stay, because, as it seems to me,

the defendants may obtain a stay by simply giving security. When such security shall have been given, it is not to be expected that the plaintiff will attempt to cause unnecessary trouble to the defendants. If he should do so, it will be easy then to apply for the order of the court, as above suggested.

5. The defendants' affidavit avers that the plaintiff is taking proceedings in the state of Illinois to collect this debt out of real estate there situated, owned by Henry R. Pierson, deceased, in his life-time, and devised to Henry R. Pierson, defendant. The defendants ask for an order in this action staying such proceedings. It does not seem to me proper, by a simple order staying proceedings in an action brought in this state to set aside an assignment, to interfere with an action against real estate in Illinois. It has generally been a matter of comity that the courts of one state should not, even by injunction, restrain actions commenced in another; for it has been well said that, were this to be done, the court of the other state might retaliate, and enjoin the injunction action. This rule, it is true, is not without exception. But, whatever might be done by injunction in an action, an order, such as is asked for, is not proper. The case cited by defendant (*Bowers* v. *Durant*, 43 Hun, 348) was very peculiar. The parties had entered into a very full agreement as to actions, to the effect that courts of New York should have jurisdiction; that the agreement might be pleaded as conferring jurisdiction, etc. It was in virtue of that consent that an injunction (not a stay of proceedings) was granted. That case is no authority for the motion asked for by defendants, and that motion is denied; no costs to any party on any of these motions. It is perhaps unnecessary to say that nothing herein is an expression of any opinion whatever on the merits of this case, or on the correctness of the decision of the referee. But I mention this to prevent any misunderstanding.