## KELLY v. CHENANGO VALLEY SAV. BANK.

(Supreme Court, Special Term, Broome County.   March 15, 1897.)

1. COSTS—EXTRA ALLOWANCE.
   Plaintiff will not be granted an extra allowance, where his conduct misled defendant into interposing a defense.
2. SAME—ACTION AGAINST SAVINGS BANK.
   An extra allowance will not be awarded against a savings bank where its assets are not sufficient to pay all its depositors.

Action by Nelson E. Kelly against the Chenango Valley Savings Bank.   Plaintiff moves for an additional allowance of costs.   Denied.

Wales & Wilber, for plaintiff.
Carver, Deyo & Jenkins, for defendant.

FORBES, J.   This is a motion for an additional allowance of costs, under section 3253 of the Code of Civil Procedure.   The action was brought to recover on a claim for deposits made by Kelly and his assignor with the defendant.   That the case was a difficult and an extraordinary case, within the meaning of this section, I think must be conceded.   The real difficulty to be determined is whether an additional allowance ought to be granted, under the circumstances of this case.   The controversy on the trial arose out of facts which were alleged to have occurred while Tracy Morgan, a former treasurer of the defendant, was in possession of and running the bank of the defendant corporation as its treasurer.   The plaintiff claimed that all of the deposits made with the defendant corporation were made at the savings bank counter, and that, as he understood it, with the defendant corporation.   On the trial he admitted that he received two pass books, upon the outside cover of which was printed the name "National Broome County Bank"; that he retained those books in his possession down to the time of the commencement of this action.   At the time of the presentation of the claim against the bank, prior to the commencement of this action, the plaintiff made an affidavit, an extract from which may be found in the answering affidavit, commencing at folio 7.   That affidavit was introduced in evidence on the trial to contradict the plaintiff in his version of the transaction had at the bank.   This apparent contradiction was satisfactorily explained.   The answering affidavit shows—and this was practically the contention on the trial—that the defense was undertaken relying upon the accuracy of the statement made in the plaintiff's affidavit.   It is now contended that, the defendant having been misled by the plaintiff's conduct into interposing its defense, an additional allowance of costs ought not to be granted; and I think, under the circumstances of this case, that contention is reasonable, and also correct.   Baldwin v. Reardon, 48 N. Y. Super. Ct. 166.   It is also contended on the part of the defendant that an additional allowance of costs ought not to be granted, for the reason that the action is against a "savings bank institution," and that there has been such a depletion of its assets as that it is apparent that the depositors cannot be paid in full.   Upon this proposition the defend-

ant's attorneys cite the case of Hurd v. Trust Co., 16 Wkly. Dig. 480. This case seems to hold that the discretion ought not to be exercised where the additional allowance would be inequitable, and where it would unnecessarily diminish the funds to be distributed among the depositors of the insolvent bank. I am inclined to follow that case as the more equitable disposition of this question, under the circumstances. The last-named authority seems to have been cited with approval in the case of Couch v. Millard, 3 How. Prac. (N. S.) 25, Hardin, J., writing the opinion. It is also cited in the case of Durant v. Pierson, 12 N. Y. Supp. 145, and is there approved, upon the theory that it was an action by a receiver; inferentially holding that it was his duty to attempt to enforce that claim. If this suggestion was applicable in the Hurd Case, it seems to me to be quite as appropriate and forceful in the case at bar. With this affidavit before the defendant, unexplained, it was its duty to litigate the question there presented; and had there been no satisfactory explanation, upon the trial that affidavit would have justified the plaintiff's defeat upon one cause of action, at least.

I am therefore constrained to deny the motion for an additional allowance, but without costs to either party.